## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHARLES CAMPBELL,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0050** (BOR Appeal No. 2055720)
                    (Claim No. 2014021769)

**DEBRICH, LLC/DUSTER TRUCKING,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Charles Campbell, by counsel Reginald D. Henry and Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Debrich, LLC/Duster Trucking, by counsel Daniel G. Murdock, filed a timely response.

The issue on appeal is whether Mr. Campbell is entitled to the requested treatment in the claim. On March 27, 2020, the claims administrator issued an Order denying three separate requests for medical treatment: (1) a November 1, 2019, request for a referral to a neurologist; (2) a November 1, 2019, request for a peripheral nerve trial; and (3) an October 3, 2019, request for left lumbar sympathetic plexus block injections. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's Order on September 18, 2020. This appeal arises from the Board of Review's Order dated December 30, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

1

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Campbell, a truck driver, was injured in the course of his employment on January 24, 2014. The Employees' and Physicians' Report of Injury, completed that day, indicates he injured his left ankle when he stepped on a lump of coal at a river dock. The physician's section was completed by Huy Nguyen, M.D., who listed the diagnosis as left ankle fracture. The claim was held compensable for lateral malleolus fracture on January 31, 2014.

A left ankle MRI, performed on August 27, 2014, showed an old fracture of the distal fibula but no evidence of acute fracture or disruption of tendons or ligaments. Mr. Campbell underwent a 3-phase bone scan which showed results consistent with a left ankle fracture on March 6, 2015. There was no evidence of complex regional pain syndrome.

On April 11, 2016, ChuanFang Jin, M.D., performed an Independent Medical Evaluation in which she diagnosed distal fibular fracture with nonunion and chronic pain syndrome. Dr. Jin opined that Mr. Campbell had reached maximum medical improvement. She asserted that the only treatment that would provide long-term benefits was exercise. Dr. Jin assessed 4% left ankle impairment. The claims administrator granted a 4% permanent partial disability award on May 19, 2016.

Timothy Deer, M.D., completed a diagnosis update on September 26, 2016, in which he requested the addition of causalgia of the lower limb to the claim. He also requested authorization of a trial spinal cord stimulator. He noted that Mr. Campbell had localized muscle atrophy, abnormal color and pigmentation, abnormal temperature, abnormal hair growth, and coldness in the lower left leg.

On July 7, 2017, the Office of Judges authorized a referral to a neurologist, affirmed a denial of a left lumbar sympathetic plexus block, added complex regional pain syndrome to the

claim, denied authorization for a psychological evaluation for a spinal cord stimulator, and denied authorization of a 3-phase bone scan.

Prasadarao Mukkamala, M.D., performed an Independent Medication Evaluation on August 29, 2017, in which he diagnosed left distal fibula fracture and found that Mr. Campbell had reached maximum medical improvement. He assessed 4% impairment and opined that there was no evidence of complex regional pain syndrome.

On January 17, 2018, Bruce Guberman, M.D., performed an Independent Medical Evaluation in which he diagnosed history of left lateral malleolus fracture and chronic regional pain syndrome. Dr. Guberman found that Mr. Campbell had reached maximum medical improvement and assessed 2% impairment due to nerve damage and 9% due to range of motion restrictions. His combined total impairment rating was 11%.

Mr. Campbell was treated by Wilfrido Tolentino, PA-C, who diagnosed left lower extremity complex regional pain syndrome type II on January 24, 2018. On February 12, 2018, Mr. Campbell treated with Samrina Hanif, M.D., who diagnosed complex regional pain syndrome. She referred Mr. Campbell to a pain clinic. Mr. Campbell treated with the Center for Pain Relief, which requested authorization for a trial spinal cord stimulator to treat causalgia of the left lower limb on February 23, 2018. A March 26, 2018, treatment note by Mr. Tolentino indicates the diagnosis remained complex regional pain syndrome. Mr. Tolentino requested authorization for a left lumbar sympathetic block to treat causalgia of the left leg. He also requested authorization of a spinal cord stimulator trial.

On March 27, 2018, in three separate decisions, the claims administrator denied a request for aquatic therapy, denied a request for a trial spinal cord stimulator, and denied a request for a comprehensive evaluation as well as a second opinion on a neurostimulator. On April 13, 2018, Mr. Campbell returned to Dr. Deer. The diagnosis remained complex regional pain syndrome. On examination, Mr. Campbell had increased swelling, blue coloration, and coldness in the left ankle as well as pain and limited mobility. Dr. Deer opined that Mr. Campbell's complex regional pain syndrome had progressively worsened.

Dr. Deer stated in an April 24, 2018, letter that Mr. Campbell developed complex regional pain syndrome as a result of his compensable injury. Dr. Deer stated that the condition was stable but had recently begun to worsen. Dr. Deer opined that Mr. Campbell had an 80% chance of sustained relief with a spinal cord stimulator. He stated that such treatment was directly related to the compensable injury. The claims administrator denied a request for a lumbar sympathetic block on May 3, 2018.

In a July 23, 2018, supplemental report, Dr. Mukkamala stated that he disagreed with Dr. Guberman's evaluation findings. He noted that Dr. Jin found Mr. Campbell to be at maximum medical improvement in her evaluation, and in his own evaluation, Dr. Mukkamala also found that Mr. Campbell had reached maximum improvement. Therefore, Dr. Mukkamala reasoned that Mr. Campbell's condition had remained steady. Dr. Mukkamala opined that Dr. Guberman's

report was unreliable and that his impairment assessment was inaccurate and invalid. Dr. Mukkamala noted that neither he nor Dr. Jin found impairment for the left toes.

In a July 31, 2018, supplemental report, Dr. Jin stated that Dr. Guberman rated impairment for Mr. Campbell's left toes, which were uninjured, and failed to compare the measurements to the right foot toes. She asserted that there should be no permanent impairment due to an ankle fracture. Lastly, Dr. Jin opined that the criteria Dr. Guberman used to rate neurological impairment was based on a peripheral nerve injury, a non-compensable condition. Dr. Jin found no evidence of peripheral nerve injury in this case.

On September 28, 2018, Mr. Campbell continued to complain of pain, anxiety, and depression, as noted in Dr. Deer's notes. Dr. Deer diagnosed complex regional pain syndrome of the lower left limb and indicated he should undergo an EMG/nerve conduction study, physical therapy, and a trial spinal cord stimulator. That same day, the Center for Pain Relief requested an EMG of Mr. Campbell's left lower extremity. However, in an Order dated November 16, 2018, the Office of Judges affirmed the claims administrator's prior denials of requests for a trial spinal cord stimulator, a neurostimulator, and a lumbar sympathetic block.[1]

In a letter dated August 9, 2019, Dr. Deer reported that Mr. Campbell suffered an injury to his ankle, and he subsequently developed complex regional pain syndrome of the lower extremity. Dr. Deer noted that he responded somewhat to injections and physical therapy; however, he stabilized with persistent pain. Dr. Deer opined that his requests for a spinal cord stimulation trial with a referral to an orthopedic surgeon is medically necessary to treat the compensable injury of January 24, 2014. It was Dr. Deer's opinion that Mr. Campbell had not reached maximum medical improvement. On November 1, 2019, Dr. Deer requested a referral to John M. Tabit, M.D., because Dr. Malayil did not take workers' compensation patients. Also, on November 1, 2019, Dr. Deer requested a peripheral nerve trial for Mr. Campbell.

In an Independent Medical Evaluation of November 6, 2019, Dr. Mukkamala concluded that Mr. Campbell had reached his maximum degree of medical improvement and had probably done so by August 18, 2014, based upon his diagnostic testing. Dr. Mukkamala opined that he required no further treatment. He further noted that Mr. Campbell's left ankle condition had been stable for the last five years, and Dr. Mukkamala saw no reason to refer him to an orthopedic specialist. Dr. Mukkamala concluded by stating that the entire treatment which Mr. Campbell had been receiving for the past five years had been unnecessary and that there was absolutely no indication for a spinal cord stimulator.

In his testimony, taken under oath at a hearing on March 5, 2020, Mr. Campbell stated he had never been administered lumbar sympathetic blocks by Dr. Thymius. He also expressed concerns over the bone scan from March 6, 2016, because the report did not reflect that he did not have a full-body injection or the x-ray needed for comparison. He believed that Dr. Jin was misleading in her report in that he had received complete relief when injections were

_____

[1] On July 31, 2020, this Court issued a Memorandum Decision affirming the decision of the Office of Judges dated November 16, 2018.

administered. He described numbness, shooting pains, swelling, discoloration, throbbing, and super-sensitivity in his left lower extremity. Mr. Campbell testified that Dr. Mukkamala did not use the heat strip to measure the temperature in his lower extremity as he did during his first examination years prior. Mr. Campbell stated that he walks with a cane and that his pain medications were no longer helping him. On cross-examination, he testified that he had undergone his last injection in 2017, prior to Dr. Mukkamala's first Independent Medical Evaluation.

Mr. Campbell returned to the Pain Clinic on March 6, 2020, with complaints of pain. He was again diagnosed with complex regional pain syndrome of the lower limb, complex regional pain syndrome type II of the left lower limb, and chronic pain syndrome. It was noted that his request for a bone scan, peripheral cord stimulator, and nerve blocks had been denied. It was also noted that he had undergone lumbar sympathetic plexus blocks two years prior. After receiving a physical examination, the plan for treatment remained a DRG stimulator, peripheral nerve stimulator, and injections.

On March 27, 2020, the claims administrator issued an Order denying the requests for a referral to Dr. Tabit, a peripheral nerve trial, and a left lumbar sympathetic plexus block injection. Mr. Campbell timely protested the claims administrator's decision and argues that the treatment requested by Dr. Deer is medically related to his compensable injury and is reasonably required. He avers that Dr. Deer has noted his symptoms throughout his treatment records, including pain, abnormal colorations, temperature, swelling, and lack of hair growth in the lower left extremity.

In a Final Decision dated September 18, 2020, the Office of Judges affirmed the claims administrator's Order of March 27, 2020. In its Decision, the Office of Judges concluded that the preponderance of the credible medical evidence establishes that Mr. Campbell has reached his maximum degree of medical improvement and that the requested treatment is not reasonable or necessary at this time. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Final Decision on December 30, 2020.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The medical record in this case does not establish that the requested treatment by Dr. Deer is medically necessary or reasonably required to treat Mr. Campbell's January 24, 2014, compensable injury. Drs. Jin and Mukkamala both opined that he requires no additional treatment for his compensable injury at this time. Accordingly, the Board of Review's Order is affirmed.

Affirmed.

**ISSUED: March 23, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment